**Lynn MARTIN, Secretary of Labor, United States Department of Labor, Plaintiff,**

v.

**William ALBRECHT, Individually and Shirley Ann Albrecht, Individually, both as co-partners t/a Ann Brite Fashions, Defendants.**

**Civ. A. No. 91–122.**

United States District Court, W.D. Pennsylvania.

Sept. 30, 1992.

Marshall H. Harris, Regional Sol., Office of Sol., Philadelphia, Pa., Albert W. Schollaert, Asst. U.S. Atty., W.D.Pa., Pittsburgh, Pa., for plaintiff.

Gery T. Nietupski, Erie, Pa., for defendants.

## MEMORANDUM OPINION

MENCER, District Judge.

The Secretary of Labor (hereinafter "the Secretary") initiated this suit in May, 1991, charging defendants with violations of the Fair Labor Standards Act of 1938 as amended, 29 U.S.C. § 201 *et seq.*, (hereinafter referred to as "the Act" or "FLSA"). This court has jurisdiction to hear the case pursuant to Section 17 of the Act, 29 U.S.C. § 217, and 28 U.S.C. §§ 1331 and 1345. The Secretary avers that William and Shirley Ann Albrecht have been and are Co–Partners trading as Ann Brite Fashions. Plaintiff asserts that the Albrechts willfully violated the provisions of the Act by paying wages at rates less than the statutory minimum rate prescribed in Sections 6 and 3(b) of the Act. The Secretary also avers that the defendants failed to compensate workers for overtime in the amount of one and one-half times their regular rate. In addition, the Secretary believes that the Albrecht's failed to keep accurate records as required by 29 C.F.R. 516. The Secretary is asking the court to enjoin the defendants from violating the applicable provisions of the Act and to award backwages as well as liquidated damages.

In the motion for partial summary judgment, the Secretary initially avers that the employees are covered under the Fair Labor Standards Act ("FLSA"). The FLSA requires the employers of employees who work directly on goods that are sold in interstate commerce to pay the minimum wage as well as overtime. Also the Secretary asserts that an employer may not deduct for expenses required by the employer if such deductions bring the employee's pay below the minimum wage. Plaintiff asserts that the piece rate paid to the employees for the sewing work that they performed at home, when compared to the

hours that these people worked at home, did not yield the minimum wage for all hours worked. The Secretary also believes that the defendants required employees to purchase equipment to perform the sewing work, and that the purchase price of the equipment brought the worker's wages below the minimum wage. As a result, the Secretary believes that the workers are entitled to recover minimum wage and overtime backwages.

This court stayed the proceedings in an order dated June 22, 1992, allowing defendant Shirley Ann Albrecht until July 22, 1992 to find substitute counsel of her own selection. As of this point in time, Shirley Ann Albrecht has failed to respond to the plaintiff's motion for summary judgment.

Defendant William Albrecht rests his argument upon one assertion, namely that the seamstresses are independent contractors, and therefore are not entitled to the protections available under the FLSA. There is no single test to determine whether a person is an employee or an independent contractor for purposes of the FLSA. The Act defines an employee as "any individual employed by an employer," 29 U.S.C. § 203(e)(1) (1988), and an employer as "any person acting directly or indirectly in the interest of an employer in relation to an employee ..." *Id.* § 203(d). In accordance with these expansive definitions, the Supreme Court has emphasized that the courts should look to the economic realities of the relationship in determining employee status under the FLSA. *Rutherford Food Corp. v. McComb,* 331 U.S. 722, 730, 67 S.Ct. 1473, 1477, 91 L.Ed. 1772 (1947), *Martin v. Selker Bros., Inc.,* 949 F.2d 1286, 1293 (3d Cir.1991).

It is a well-established principle that the determination of the employment relationship does not depend on isolated factors, but rather upon the "circumstances of the whole activity." *Martin, supra* at 1293. The court has held that there are six factors to determine whether a worker is an "employee":

1) the degree of the alleged employer's right to control the manner in which the work is to be performed; 2) the alleged employee's opportunity for profit or loss depending upon his managerial skill; 3) the alleged employee's investment in equipment or materials required for his task, or his employment of helpers; 4) whether the service rendered requires a special skill; 5) the degree of permanence of the working relationship; 6) whether the service rendered is an integral part of the alleged employer's business. *Selker Bros., supra* at 1293.

Not only should courts examine the "circumstances of the whole activity," they should "consider whether, as a matter of economic reality, the individuals are dependent upon the business to which they render service." *Donovan v. DialAmerica Marketing, Inc.,* 757 F.2d 1376, 1382 (3d Cir.1985).

This test was applied to seamstresses who worked at home and set their own working hours in the case of *Silent Woman, Ltd. v. Donovan,* 585 F.Supp. 447 (E.D.Wis.1984). That case held that seamstresses are indeed covered under the FLSA, and the reasoning in that case appears persuasive to this court. Of particular note was the fact that throughout the contract, drawn up by Silent Woman, Ltd., the seamstresses are referred to as "independent contractors." The court was not persuaded by that language, however, finding that "In the application of social legislation, employees are those who as a matter of economic reality are dependent upon the business to which they render service." *Silent Woman, supra, quoting Bartels v. Birmingham,* 332 U.S. 126, 130, 67 S.Ct. 1547, 1549, 91 L.Ed. 1947 (1947).

In *Silent Woman,* the company argued as the Albrechts do presently, that the seamstresses were independent contractors because the company exercised no control over the manner in which they performed their work. The court looked at the history of the FLSA, determining that Congress intended the FLSA to apply to employees working at home. The company next argued, as do the Albrechts, that the relationship is not permanent in nature, as either party may terminate the relationship, and the women are permitted to perform work

for others. The court found that "the parties regard their relationship as a permanent one, work done for outside does not undermine the permanency of the Silent Woman work." *Id.* at 451. The court suggested that "While the five-part *U.S. v. Silk* [331 U.S. 704, 67 S.Ct. 1463, 91 L.Ed. 1757 (1947)] test strongly suggests that the seamstresses are employees rather than independent contractors, a common sense examination of the total situation removes any unresolved doubt." *Id.*

Under this totality of the situation approach, the court found the seamstresses had a lack of bargaining power vis-a-vis the company. Rather than treat its seamstresses as independent agents, Silent Woman offered all the same terms, a piece rate designed to yield the minimum wage. It is a "take it or leave it" proposition. *Id.* The *Silent Woman* court then points to other cases that have come to similar conclusions. In *Walling v. American Needlecrafts*, 139 F.2d 60 (6th Cir.1943), and *Mitchell v. Nutter*, 161 F.Supp. 799 (N.D.Me.1958), both courts found that women doing needlework in their spare time at home were employees under the FLSA. *See also Goldberg v. Whitaker House Cooperative*, 366 U.S. 28, 81 S.Ct. 933, 6 L.Ed.2d 100 (1961) (home part-time needleworkers held employees of their cooperative under the FLSA), and *Walling v. Twyeffort*, 158 F.2d 944 (2nd Cir.1947), (tailors with shops at home held to be employees under the FLSA). This court is in agreement with these cases, and believes that the seamstresses in the present case are employees for purposes of the FLSA.

Having held that the seamstresses are employees, the evidence is uncontroverted that the defendants have violated the minimum wage and overtime provisions of the Act. The court must then determine whether the defendants are liable for two years or three years of backwages. An employer is only liable for two years of backwages if the violations are not willful, but for three years of backwages if the violations are willful. The Supreme Court set forth the standard which determines whether violations of the FLSA are willful in *Mclaughlin v. Richland Shoe Co.*, 486 U.S. 128, 108 S.Ct. 1677, 100 L.Ed.2d 115 (1988). There the Court held that an employer "willfully" violated the Act when it "knew or showed reckless disregard for the matter of whether its conduct was prohibited" by the Fair Labor Standards Act. *Id.* at 133, 108 S.Ct. at 1681. Using the standard enunciated in *Trans World Airlines, Inc. v. Thurston*, 469 U.S. 111, 105 S.Ct. 613, 83 L.Ed.2d 523 (1985), the Court defined a "willful" employer for liquidated damages purposes as one who shows a disregard for the governing statute and an indifference to its requirements." *Id.* at 127, 105 S.Ct. at 625, *Martin v. Selker Bros., Inc.*, 949 F.2d 1286, 1296 (3d Cir. 1991). In determining whether a violation is willful, the employer's state of mind regarding intent and his belief regarding the propriety of his actions must be examined. *EEOC v. City of Lebanon, Pa.*, 842 F.2d 1480, 1487 (3d Cir.1988).

The Secretary argues that defendant Shirley Ann Albrecht knew her conduct violated the Act as the Secretary had previously filed a complaint against her for identical violations. As Justice Stevens stated in writing for the *Richland Shoe* court:

In common usage the word "willful" is considered synonymous with such words as "voluntary," "deliberate," and "intentional." *See Roget's International Thesaurus*, § 622.7, p. 479 (4th ed. 1977). The word "willful" is widely used in the law, and, although it has not by any means been given a perfectly consistent interpretation, it is generally understood to refer to conduct that is not merely negligent. The standard of willfulness that was adapted in *Thurston*— that the employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute—is surely a fair reading of the plain language of the Act. *Richland Shoe*, 486 U.S. at 133, 108 S.Ct. at 1681.

The court therefore finds that defendant Shirley Ann Albrecht has willfully violated the FLSA, and is liable to the employees for three years of backwages.

A more difficult situation presents itself as regards William Albrecht, who denies that he has previously violated the Act, either individually or as a partner in Ann Brite Fashions. William Albrecht argues that no willfulness may be imputed to him, "even if he was aware of the prior violation by Shirley Ann Albrecht." The court cannot agree with this reasoning. If Mr. Albrecht was in fact aware of the previous violation, then he could indeed fall under the *Richland Shoe* standard that the employer "either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute." Nothing in the caselaw requires Mr. Albrecht to have been the actual person who had previously violated the Act in order for willfulness to be imputed to him. Under that standard the court finds that Mr. Albrecht was in a position to know about the previous violations, and the his violation of the statute was willful.

The standard for summary judgment applies to each of the defendants equally with regards to the burden of coming forth to refute the assertions of the moving party, in this case the Secretary. While the movant bears the initial responsibility of informing the court of the basis for its motion, and identifying those portions of the record which demonstrate the absence of a genuine issue of material fact, Rule 56(c) requires the entry of summary judgment "after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). Therefore, the party opposing the motion must come forward with "more than a mere scintilla of evidence in its favor" and "cannot simply reassert factually unsupported allegations contained in its pleading." *Williams v. Borough of West Chester*, 891 F.2d 458, 460 (3d Cir.1989).

Under this standard the defendants appear to fall far short of meeting their burden in order to withstand the motion for summary judgment. Initially it can be said that the Secretary has adequately informed the court of the basis for her motion, and has identified the portions of the record which demonstrate the absence of a genuine issue of material fact. On the other hand, the court cannot discern more than a mere scintilla of evidence which the defendants have produced to combat the assertions in the motion. Defendant Shirley Albrecht has failed to respond to the motion, and defendant William Albrecht basically reasserts factually unsupported allegations that he failed to act "willfully" because he believed that each seamstress was an independent contractor. *See Williams, supra* at 460. Neither defendant has made a sufficient showing to meet the burden of coming forward under Rule 56(c). Therefore, the court determines that the defendants have violated the provisions of the Fair Labor Standards Act, and that such violations were in fact willful, and according to 29 U.S.C. § 255(a), defendants are liable for payment of three years of backwages from the date of the filing of the Secretary's complaint.

The defendants' lack of diligence in coming forward with sound reasons for failing to comply with the FLSA also works to their detriment when confronted with the issue of liquidated damages as mandated under Section 16(b) of the Act. The issue of liquidated damages was addressed with great particularity by Judge Nygaard in the recent case of *Martin v. Cooper Electric Supply Co.*, 940 F.2d 896 (3d Cir. 1991). When an employer violates the overtime wage provisions of the Act, section 216(b) provides for payment of both unpaid wages and an equivalent amount of *mandatory* liquidated damages.

> Any employer who violates the provisions of ... section 207 ... *shall be liable* to the employee or employees affected in the amount of ... their unpaid overtime compensation ... *and in an additional equal amount as liquidated damages* ...

29 U.S.C. § 216(b) (emphasis in original) *Id.* Under the Act, liquidated damages are compensatory, not punitive in nature. Congress provided for liquidated damages to

compensate employees for losses they might suffer by reason of not receiving their lawful wage at the time it was due. *Id., quoting Marshall v. Brunner,* 668 F.2d 748, 753 (3d Cir.1982).

The court then examines how Congress granted the courts "some discretion" regarding the award of liquidated damages. Section 11 of the Portal–to–Portal Act provides:

> In any action ... to recover ... unpaid overtime compensation, or liquidated damages under the FLSA ... if the employer shows ... the act or omission giving rise to such action was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation of the FLSA ... the court may, in its sound discretion, award no liquidated damages or award any amount thereof not to exceed the amount specified in 29 U.S.C. § 216. 29 U.S.C. § 260.

The court then points out that the exception applies *"if, and only if,* the employer shows that he acted in good faith and that he had reasonable grounds for believing that he was not violating the Act." *Id. quoting Brunner.* Furthermore, before a district court exercises discretion it *"must make findings* ... that the employer acted in good faith and with reasonable grounds." *Williams v. Tri–County Growers, Inc.,* 747 F.2d 121, 129 (3d Cir.1984) (emphasis added, quoting from *Guthrie v. Lady Jane Collieries, Inc.,* 722 F.2d 1141, 1149 (3d Cir.1983). *Id.*

■ Judge Nygaard then examines the "plain and substantial burden" for the employer to prove that he is entitled to discretionary relief from the FLSA's mandatory liquidated damages provision. He again quotes *Tri–County Growers* as standing for the proposition that an employer must prove:

> that his failure to obey the statute was both in good faith and predicated upon such reasonable grounds that it would be unfair to impose upon him more than a compensatory verdict ...
>
> The *good faith requirement is a subjective one* that "requires that the employer have an honest intention to ascertain and

follow the dictates of the Act." ... The *reasonableness requirement imposes an objective standard* by which to judge the employer's conduct ... Ignorance alone will not exonerate the employer under the objective reasonableness test ...

> If the employer fails to come forward with plain and substantial evidence to satisfy the good faith and reasonableness requirements, the district court is without discretion to deny liquidated damages. 747 F.2d at 128–29, *Id.* at 908.

To carry his burden, a defendant employer must show that he took affirmative steps to ascertain the Act's requirements, but nonetheless, violated its provisions. The employee need not establish an intentional violation of the Act to recover liquidated damages. *Tri–County Growers, supra* at 129. A defendant employer's burden of proof is "a difficult one to meet" *Brock v. Wilamowsky,* 833 F.2d 11, 19 (2d Cir.1987). "Double damages are the norm, single damages the exception." *Walton v. United Consumers Club, Inc.,* 786 F.2d 303, 310 (7th Cir.1986), *Martin* at 908.

The *Martin* court describes itself as "quoting at length" from the cases dealing with liquidated damages under FLSA in order to point out that the district court's reasoning could not support its findings of reasonable good faith violations. Using the *Tri–County Growers* standard that an employer "must affirmatively establish that he acted in good faith by attempting to ascertain the Act's requirements," the Third Circuit found that the company's failure to inquire into the Act's overtime pay requirements precludes a determination that the company's subjective good faith was reasonable. Accordingly, the district court's reasonableness finding was legal error, and its holding was reversed. *Martin* at 909. The court concluded that the district court had no discretion to deny liquidated damages because, first and foremost, the company had not demonstrated that it took affirmative steps to ascertain the legality of its pay practices before Labor's investigation. *Id.*

This court feels that the reasoning of the Third Circuit in *Martin* dictates the result we must reach as to liquidated damages. The court has nothing before it other than William Albrecht's bald assertion "that his violations were committed in good faith." This is exactly the type of assertion good faith that the *Martin* court went to such painstaking lengths to describe as wholly inadequate. Although *Martin* describes a defendant employer's burden of proof as a difficult one to meet, defendant William Albrecht has made only the most cursory attempt to meet his burden. Defendant Shirley Ann Albrecht has not even made that perfunctory effort, failing to respond at all to the Secretary's motion. According to *Martin,* this court has no discretion to deny liquidated damages because their is nothing in the record before the court to demonstrate that the defendants took affirmative steps to ascertain the legality of their pay practices before the Labor Department's investigation. *Id.* at 909. Accordingly, an award of $24,-059.82 in liquidated damages, an amount equal to the amount of compensatory damages, will be entered against the defendants.

The compensatory damages were determined by the compliance officer for the Secretary by calculating backwage liability of $24,059.82 in minimum wage and overtime pay for the period January, 1989 to September, 1989. He computed backwages by totaling the number of hours each employee worked and multiplying that total by the applicable minimum wage to arrive at the backpay owed. If an employee paid for equipment in a week where such purchase brought her below the minimum wage, the compliance officer added the cost of the equipment to the backwages. In weeks where an employee worked over 40 hours per week, the compliance officer multiplied her regular rate by one half to arrive at backwages due for overtime.

The defendants have not disputed the calculations put forth by the compliance officer to determine amounts owed in minimum wage and backpay. Fed.R.Civ.P. 56(d) declares, "It (the court) shall thereupon make an order specifying the facts that appear without substantial controversy, including the extent to which the amount of damages or other relief is not in controversy ..." The court finds the calculations of damages by the plaintiff to be credible, and there appears to be no substantial controversy as to their validity, and as a result the court's order will include the calculations of damages as mandated by Rule 56(d).

The Secretary is also asking the court to enjoin the defendants from violating the FLSA in the future. Defendant William Albrecht in his response avers that he will consent to such an order enjoining future violations of the FLSA. As defendant Shirley Ann Albrecht has failed to respond to the government's motion, the court must assume that she also is willing to be enjoined against committing future violations.

Lastly, the court agrees that Fed. R.Civ.P. 37 requires the defendants to answer plaintiff's First Set of Interrogatories and Request for Documents regarding payroll records for the period subsequent to September, 1989. As a result, the court will grant the plaintiff's motion to compel.